**LEXINGTON H–L SERVICES, INC. d/b/a Lexington Herald Leader, Appellant,**

v.

**LEXINGTON–FAYETTE URBAN COUNTY GOVERNMENT, Appellee.**

**No. 2008–CA–000068–MR.**

Court of Appeals of Kentucky.

April 10, 2009.

Discretionary Review Denied by Supreme Court Dec. 10, 2009.

the representation of one client will be directly adverse to another client; ...."

Robert F. Houlihan, Jr., Escum L. Moore, III, Lexington, KY, for Appellant.

Rochelle E. Boland, Leslye M. Bowman, Mike Sanner, Lexington, KY, for Appellee.

Before LAMBERT and TAYLOR, Judges; GRAVES,[1] Senior Judge.

## OPINION

TAYLOR, Judge.

Lexington H–L Services, Inc. d/b/a Lexington Herald Leader (Herald–Leader) brings this appeal from a December 12, 2007, summary judgment of the Fayette Circuit Court concluding that the personal privacy exemption of Kentucky Revised Statutes (KRS) 61.878 mandated redaction of a rape suspect's identity and that the Attorney General erred by concluding otherwise. We affirm.

---

1. Senior Judge John W. Graves sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

A reporter for the Herald–Leader submitted an open records request to Lexington–Fayette Urban County Government (LFUCG).[2] Therein, the Herald–Leader requested disclosure of a police case file from a closed investigation involving an alleged rape by a former University of Kentucky basketball player. LFUCG disclosed the case file but redacted the identity of the victim and of the suspect.[3] LFUCG relied upon the Division of Police's Standard Operating Procedure as the basis for redaction of the suspect's identity.[4] Such procedure provides, in relevant part, as follows:

> *Cleared by Exception:* If a Complaint and Offense report is cleared by exception and no suspect was arrested, a complete copy of the Complaint and Offense Report must be made available for public inspection. All information relating to the suspect, including the suspect's name, must be redacted from the report, as the suspect still maintains an expectation of privacy. All information relating to the suspect is exempt from public inspection pursuant to **KRS 61.878(1)(a)** which exempts public records containing information of a personal nature where public disclosure thereof would constitute a clearly unwarranted invasion of personal privacy. Further, other exemptions outlined in this policy concerning sexual assaults, hate crimes and juveniles would also apply.

The Herald–Leader subsequently sought review by the Attorney General and challenged LFUCG's redaction of the suspect's identity. KRS 61.880(2).

By decision (06–ORD–052) rendered March 7, 2006, the Attorney General concluded that LFUCG erroneously relied upon the personal privacy exemption of KRS 61.878(1)(a) to redact the suspect's identity from the closed case file and specifically engaged in the following analysis:

> The facts giving rise to this appeal are closely akin to the facts giving rise to 05–ORD–224. Here, as in the cited decision, the suspect is a public figure who, by virtue of this status, forfeits, to some extent, his privacy interest. The public's interest "in seeing that alleged criminal activity is thoroughly investigated and vigorously prosecuted without favoritism or bias," is correspondingly heightened not only because the suspect is a public figure but because the record on appeal demonstrates that the investigation, and the County and Commonwealth's Attorneys' consequent decision not to prosecute, were challenged. Questions relating to the thoroughness of the investigation and the impartiality of the prosecution can best be resolved through unimpeded access to the underlying records. Disclosure of the suspect's identity will, in fact, advance the open records related public interest in insuring that the alleged criminal activity was thoroughly investigated and vigorously prosecuted without favoritism or bias and transgress only minimally on the privacy interest of the suspect. Accordingly, we find that the Division's reliance on KRS 61.878(1)(a) to support redaction of the suspect's identity from the requested records was misplaced.

---

2. The open records request was actually submitted to the Division of Police for Lexington–Fayette Urban County Government (LFUCG).

3. Lexington H–L Services, Inc. d/b/a Lexington Herald Leader (Herald–Leader) does not challenge the redaction of the victim's identi-

ty. Also, the suspect's identity was subsequently revealed through other sources.

4. This specific procedure is located in LFUCG Division of Police, Standard Operating Procedure, Chapter 82 § II(B)(2)(b).

Following the Attorney General's decision that LFUCG improperly redacted the rape suspect's identity under KRS 61.878(1)(a), LFUCG appealed that decision to the Fayette Circuit Court. KRS 61.880(5)(a). Both the Herald–Leader and LFUCG filed motions for summary judgment. Kentucky Rules of Civil Procedure (CR) 56. In an order entered December 12, 2007, the circuit court granted LFUCG's motion for summary judgment. Therein, the circuit court concluded that the personal privacy exemption of KRS 61.878 mandated redaction of the rape suspect's identity and the Attorney General erred by concluding otherwise. The circuit court specifically stated:

> The examination in *Kentucky Board of Examiners of Psychologists* concerned information "of a personal nature—indeed, of a *very* personal nature—(sexual relations)—the disclosure of which would touch upon the most intimate and personal features of private lives." *Id.* at 328. The Kentucky Supreme Court in *Kentucky Board of Examiners* held that any further disclosure of that intimate, personal information would, as a matter of law, constitute a clearly unwarranted invasion of personal privacy. *Id.* at pp. 328–329. This Court also holds and concludes, as a matter of law, that disclosure of the identity of a suspect who has neither been charged with nor arrested for an alleged rape, would be ". . . of a personal nature—indeed, of a *very* personal nature—the disclosure of which would touch upon the most intimate and personal features of private lives." *Id.* at 328 (emphasis in original).
>
> Similarly, in *Zink v. Commonwealth of Kentucky, supra* the Court pointed out that ". . . when an individual enters on the public qua, *breaks a law,* or inflicts a tort on his fellow man he forfeits his privacy to a certain extent." *Id.* at 828. (Emphasis added[.]) *Zink* in-

volved to some extent the Herald Leader's argument in the case at bar that the public's "right to know" under the Open Records Act is premised upon the public's right to expect its agencies properly to execute their statutory functions. This Court does not disagree with that argument in the general sense. However, in the case at bar, the Herald Leader and the public can analyze and scrutinize to their heart's content whether or not the Division of Police appropriately and adequately investigated this alleged rape in reviewing the 900 plus documents turned over and in analyzing and reviewing the independent and separate investigations of this alleged incident conducted by the Division of Police, the Fayette County Attorney's Office and the Fayette County Commonwealth Attorney's Office in this matter without the disclosure of the identity of the suspect. The identity of the suspect is immaterial to any scrutiny of the investigation.

Lastly, in *Palmer v. Driggers, supra,* the information sought by the newspaper did not contain information concerning an innocent, private citizen as in the case at bar. Rather, it involved a disciplinary charge which had been officially placed against a police officer charged with misconduct. Unlike the circumstances of *Palmer,* the situation in the case at bar involves an innocent, private citizen who was thoroughly investigated, separately and independently, by three different public agencies and who was neither charged with not [sic] arrested for anything.

. . . .

The unsupported statement in 06–ORD–052 that disclosure of the identification of the suspect will, in fact, advance the Open Records related to public interest is without support or foundation in this Record. The further

statement in 06–ORD–052 that such disclosure will "... transgress only minimally on the privacy interest of the suspect" is offensive. To be named as the suspect in an alleged rape incident after thorough, independent and separate investigations and review conducted by the three primary law enforcement agencies in Fayette County is no "minimal" invasion of one's privacy interest. It is not a trivial matter to have one's name identified in public when the suspect in the case at bar remains an innocent, private citizen.

Based on the foregoing, this Court Finds as Fact and Concludes as a matter of Law that there are no disputed issues of fact. Based upon the Record herein and the case authorities cited, the identification of the suspect in the alleged rape incident sought to be disclosed by the Herald Leader is, as a Matter of Law, "... of a personal nature where the public disclosure thereof would constitute a clearly unwarranted invasion of personal privacy."

This appeal follows.

██ The Herald–Leader contends that the circuit court erred by concluding LFUCG's redaction of the rape suspect's identity was proper pursuant to the personal privacy exemption of KRS 61.878(1)(a). The proper scope of appellate review in an open records request has been succinctly set forth in *Medley v. Board of Education of Shelby County,* 168 S.W.3d 398, 402 (Ky.App.2004), as follows:

We note at the outset that the circuit court's review of an Attorney General's opinion is *de novo.* As such, we review the circuit court's opinion as we would the decision of a trial court. Questions of law are reviewed anew by this Court. When there are questions of fact, or mixed questions of law and fact, we review the circuit court's decision pursuant to the clearly erroneous standard. Under this standard, this Court will only set aside the findings of fact of the circuit court if those findings are clearly erroneous. The dispositive question is whether the findings are supported by "substantial evidence." "Substantial evidence" is evidence "that a reasonable mind would accept as adequate to support a conclusion," and evidence that, when "taken alone or in the light of all the evidence, ... has sufficient probative value to induce conviction in the minds of reasonable men."

We also note that although this Court is not bound by the opinions of the Attorney General, "they have been considered 'highly persuasive.'" This Court will "give great weight to the reasoning and opinion expressed [by the Attorney General]." (Footnotes omitted.)

And, the government entity seeking to withhold a record from disclosure under the open records act bears the burden of proving the exempt status of the record. *Ky. Bd. of Exam'rs v. Courier–Journal,* 826 S.W.2d 324 (Ky.1992). Our review shall proceed accordingly.

The circuit court rendered summary judgment in favor of LFUCG by concluding that the personal privacy exemption of KRS 61.878(1)(a) mandated redaction of the suspect's identity. Summary judgment is proper where there exists no material issue of fact and movant is entitled to judgment as a matter of law. *Steelvest, Inc. v. Scansteel Service Center, Inc.,* 807 S.W.2d 476 (Ky.1991). Here, we agree with the circuit court that no material issue of fact exists. Rather, the primary issue presented is one of law and specifically is whether the rape suspect's identity was exempt from disclosure under the personal privacy exemption of KRS 61.878(1)(a). Our review of this legal is-

sue, of course, proceeds *de novo. See New v. Com.*, 156 S.W.3d 769 (Ky.App.2005).

▉ Under KRS 61.878(1)(a), the following public records are exempt from disclosure under the open records act: [5]

> Public records containing information of a personal nature where the public disclosure thereof would constitute a clearly unwarranted invasion of personal privacy[.]

To decide whether a particular record is properly excluded under the personal privacy exemption of KRS 61.878(1)(a), our Court must initially determine whether such record or information contained therein is of a "personal nature." *Palmer v. Driggers*, 60 S.W.3d 591 (Ky.App.2001). If the record or information is of a personal nature, we must then determine "whether public disclosure 'would constitute a clearly unwarranted invasion of personal privacy.'" *Zink v. Com.*, 902 S.W.2d 825, 828 (Ky.App.1994)(quoting *Ky. Bd. of Exam'rs*, 826 S.W.2d at 326). To so determine, our Court must engage in a "comparative weighing of the antagonistic interests" as discussed in the case of *Kentucky Board of Examiners*:

> [G]iven the privacy interest on the one hand and, on the other, the general rule of inspection and its underlying policy of openness for the public good, there is but one available mode of decision, and that is by comparative weighing of the antagonistic interests. Necessarily, the circumstances of a particular case will affect the balance. The statute contemplates a case-specific approach by providing for de novo judicial review of

agency actions, and by requiring that the agency sustain its action by proof. Moreover, the question of whether an invasion of privacy is "clearly unwarranted" is intrinsically situational, and can only be determined within a specific context.

*Ky. Bd. of Examr's v. Courier–Journal*, 826 S.W.2d 324, 327–328 (Ky.1992); *see also Cape Publ'ns, Inc. v. Univ. of Louisville Found., Inc.*, 260 S.W.3d 818 (Ky. 2008).

▉ In the case *sub judice*, it is clear that the identity of a rape suspect constitutes information of a personal nature. The more troublesome question is whether public disclosure of the rape suspect's identity under the circumstances of this case constitutes a clearly unwarranted invasion of personal privacy. To answer this difficult question, we must balance the rape suspect's "privacy interest in nondisclosure ... against the general rule of inspection and its underlying policy of openness for the public good." *Zink*, 902 S.W.2d at 828. And, in particular, we must weigh the specific reasons for public disclosure under the circumstances of our case against the suspect's personal privacy interest against public disclosure of his identity.

▉ When balancing these competing interests, it must be acknowledged that disclosure of a rape suspect's identity would certainly constitute an invasion of personal privacy and would most likely subject the suspect to a certain amount of public scorn, ridicule, and possibly harassment.[6] On the other side of the scale, the

---

**5.** LFUCG also argues that the rape suspect's identity was exempt from disclosure under KRS 17.150(2)(b). We note, however, that KRS 17.150(2)(b) was not referenced by LFUCG as a basis for denying the open records request by the circuit court in its December 12, 2007, summary judgment or by the

Attorney General (06–ORD–052). Nevertheless, LFUCG concedes that the exemption in KRS 17.150(2)(b) is analyzed through the same "balancing test" as the personal privacy exemption in KRS 61.878(1)(a).

**6.** This is contrasted with a circumstance where an individual has been arrested,

Herald–Leader maintains that the public has a legitimate interest in monitoring police conduct and, in particular, in "ensuring that the ... investigation was handled competently, completely and without favoritism or bias." Herald–Leader's Brief at 18. However, the Herald–Leader has failed to demonstrate how disclosure of this particular suspect's identity would further such an interest under the specific facts of this case. Pursuant to its open records request, the Herald–Leader was provided some 900 pages of documents concerning the police investigation into the alleged rape. The Herald–Leader has never established or even maintained that these documents were insufficient to provide an adequate basis to fully investigate police conduct. Rather, the Herald–Leader simply maintains that disclosure of the rape suspect's identity would generally promote the public interest of monitoring police conduct.[7]

■ When balancing the rape suspect's intrinsic personal privacy interest against such nebulously asserted public interest, we conclude that disclosure of the rape suspect's identity would constitute a clearly unwarranted invasion of personal privacy. Succinctly stated, we hold the circuit court properly exempted from disclosure the rape suspect's identity under the personal privacy exemption of KRS 61.878(1)(a). We caution that our holding is strictly limited to this case and that judicial decisions concerning such open

record requests are to be made on a "case-by-case basis."[8] *Palmer v. Driggers,* 60 S.W.3d 591, 597 (Ky.App.2001); *see also Cape Publ'ns v. City of Louisville,* 147 S.W.3d 731, 735 (Ky.App.2003).

■ The Herald–Leader also contends that LFUCG has a "blanket policy of identity redaction in all cases where a suspect was investigated but not arrested" and such blanket policy violates the open records act. In particular, the Herald–Leader asserts that LFUCG must perform a case-by-case analysis before redacting information under the personal privacy exemption of KRS 61.878(1)(a). We reject this assertion and view *Cape Publications v. City of Louisville,* 147 S.W.3d 731 (Ky. App.2003), as dispositive. In *Cape Publications,* the Court squarely held that such blanket policies do not violate the open records act and specifically upheld a blanket policy redacting the identity of rape and sexual assault victims:

> We cannot agree with the Courier–Journal's contention that the City failed to take into account a situational analysis in redacting the victim's identifying information. The circuit court explained that the case-by-case analysis referred to in *Board of Examiners* "is a determination to be used by the Courts not the City." That is consistent with our interpretation of *Board of Examiners.* "Judicial review of a disclosure decision

---

charged and indicted for a sexual offense. In such case, the individual's identity would clearly be subject to public disclosure.

**7.** Our Supreme Court has recognized "the policy of disclosure is purposed to subserve the public interest, not to satisfy the public's curiosity[.]" *Ky. Bd. of Exam'rs v. Courier–Journal,* 826 S.W.2d 324, 328 (Ky.1992).

**8.** This opinion should not be misconstrued as holding that a rape suspect's identity would

never be subject to disclosure when a police investigation is cleared by exception. There may exist facts justifying disclosure thereof; for example, in a case where a full investigation into police conduct could only be accomplished by disclosure of a suspect's identity. However, in the case *sub judice,* the Herald–Leader has failed to establish that disclosure of the rape suspect's identity was necessary to fully investigate police conduct.

must be approached on a case-by-case basis."

*Id.* at 735 (footnote omitted). Hence, we conclude that the open records act does not generally prohibit a blanket redaction policy. As such, we reject the Herald–Leader's contrary contention.

For the foregoing reasons, the Opinion and Order of the Fayette Circuit Court is affirmed.

ALL CONCUR.