**Gregory VALENTINE, Appellant,**

v.

**PERSONNEL CABINET, COMMON-
WEALTH of Kentucky; and Depart-
ment of Corrections, Appellees.**

No. 2008–CA–001947–MR.

Court of Appeals of Kentucky.

July 30, 2010.

Gregory Valentine, Fredonia, KY, pro se.

Wesley W. Duke, Frankfort, KY, for appellees.

Before CAPERTON and STUMBO, Judges; LAMBERT,[1] Senior Judge.

---

1. Senior Judge Joseph E. Lambert sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

## OPINION

CAPERTON, Judge:

Gregory Valentine appeals from the Franklin Circuit Court's Opinion and Order entered September 19, 2008, wherein the court determined that Valentine's request under the Kentucky Open Records Act for the personnel file of the prosecuting attorney in his criminal case would amount to a "clearly unwarranted invasion of personal privacy" under the exclusion in KRS 61.878(1)(a). Accordingly, the court reversed the Attorney General's opinion stating that Valentine was entitled to said records, and dismissed Valentine's complaint. After a thorough review of the parties' arguments, the record and the applicable law, we find no error and, accordingly, affirm the opinion and order of the circuit court.

Valentine submitted a request under the Kentucky Open Records Act for the personnel file of the prosecuting attorney in his criminal case to the Personnel Cabinet. In response to relevant caselaw, the Cabinet contacted said prosecutor for the opportunity to make an objection. In response, she objected to the release of personal details. The Cabinet informed Valentine that his request was denied and he appealed to the Attorney General.

In 07–ORD–175, the Office of the Attorney General determined that KRS 61.878(1)(a) required the Cabinet to remove social security number, home address, telephone number, marital status, date of birth, medical records, evaluations, and those documents unrelated to job qualifications or performance. However, the opinion further held that the personnel file of a public employee is otherwise subject to inspection and that to hold otherwise would violate the Open Records Act. Thus, the Attorney General determined that the Cabinet could redact the excepted material and make the non-excepted material available to Valentine.

The Attorney General then determined that the Cabinet had wrongfully relied upon KRS 197.025 when it told Valentine that "the Department of Corrections is not required to comply with a request for any record from any inmate ... unless the request is for a record that contains a specific reference to that individual." The Cabinet then appealed the Attorney General's decision to the Franklin Circuit Court.

In its opinion and order entered September 19, 2008, the court first undertook a review of the record and noted that it had several cases pending from Valentine involving open records requests. The court took judicial notice that Valentine had requested the personnel records for several prosecuting attorneys, multiple judges, and one of his sexual assault victims. The court noted that it had previously affirmed the denial of his open records request for information regarding the records of his victim. After reviewing the records, the trial court found that much of the same reasoning applied to Valentine's current case.

The court then undertook an analysis of the law and its application to Valentine's appeal. The court noted that the interests to be weighed in determining whether an open records request should be denied under KRS 61.878(1)(a) are the public's interest in knowing whether its agencies are properly executing their statutory functions and an individual's interest in privacy. The court found that it is of paramount importance to note that the policy of disclosure is purposed to serve the public interest and not to satisfy the public's curiosity.

After so stating, the court determined that Valentine's request would serve no valid public interest and appeared to be motivated only by personal curiosity. The court found this particularly alarming, as

Valentine sought to discover the personal details of everyone involved in his criminal conviction.

The court acknowledged that KRS 61.878(4) discusses the possibility of redacting exempted information where a requested record contains both personal information exempt from disclosure and information not sufficiently personal to meet the exemption. However, in the case *sub judice*, the court reviewed the record and surrounding circumstances and reached the conclusion that, under the facts as presented, releasing any of the information requested would amount to a "clearly unwarranted invasion of personal privacy" under the exclusion in KRS 61.878(1)(a).

This determination by the court is akin to a finding of fact that no information other than personal information could be found in the personnel record which, by statute, is exempt from disclosure. Thus, the court reversed the Attorney General's determination that Valentine was entitled to the personnel records of his prosecuting attorney. It is from this order that Valentine now appeals.

■ On appeal, Valentine argues that the order of the court sustaining the blanket denial of his open records requests for portions of the personnel files of certain present and former employees of the Jefferson County Commonwealth's Attorney's Office was clearly erroneous. The Cabinet disagrees and argues that the court correctly determined that Valentine's request would amount to a clearly unwarranted invasion of personal privacy under the exclusion set out in KRS 61.878(1)(a). With these arguments in mind we turn to our applicable law.

In *Medley v. Board of Educ., Shelby County*, 168 S.W.3d 398, 402 (Ky.App. 2004), this Court set out the appropriate appellate standard of review of an open records request:

We note at the outset that the circuit court's review of an Attorney General's opinion is *de novo*. As such, we review the circuit court's opinion as we would the decision of a trial court. Questions of law are reviewed anew by this Court. When there are questions of fact, or mixed questions of law and fact, we review the circuit court's decision pursuant to the clearly erroneous standard. Under this standard, this Court will only set aside the findings of fact of the circuit court if those findings are clearly erroneous. The dispositive question is whether the findings are supported by "substantial evidence." "Substantial evidence" is evidence "that a reasonable mind would accept as adequate to support a conclusion," and evidence that, when "taken alone or in the light of all the evidence ... has sufficient probative value to induce conviction in the minds of reasonable men."

*Medley* at 402 (internal citations omitted).

■ In so reviewing, we must bear in mind that the "government entity seeking to withhold a record from disclosure under the open records act bears the burden of proving the exempt status of the record." *Lexington H–L Services, Inc. v. Lexington–Fayette Urban County Government,* 297 S.W.3d 579, 583 (Ky.App.2009). Moreover, this Court is not bound by the Attorney General's opinions, but such opinions are highly persuasive. *Id.* quoting *Medley, supra.*

■ The Kentucky Open Records Act is codified in KRS Chapter 61. KRS 61.878 sets out the exclusions to the act, including, KRS 61.878(1)(a) which excludes, "Public records containing information of a personal nature where the public disclosure thereof would constitute a clearly unwarranted invasion of personal privacy[.]" To determine if the clearly unwarranted

invasion of personal privacy exclusion applies,

> [O]ur Court must initially determine whether such record or information contained therein is of a "personal nature." *Palmer v. Driggers*, 60 S.W.3d 591 (Ky. App.2001). If the record or information is of a personal nature, we must then determine "whether public disclosure 'would constitute a clearly unwarranted invasion of personal privacy.' " *Zink v. Com.*, 902 S.W.2d 825, 828 (Ky.App.1994)(quoting *Ky. Bd. of Exam'rs*, 826 S.W.2d at 326). To so determine, our Court must engage in a "comparative weighing of the antagonistic interests" as discussed in the case of *Kentucky Board of Examiners* [at 327–328]:

>> [G]iven the privacy interest on the one hand and, on the other, the general rule of inspection and its underlying policy of openness for the public good, there is but one available mode of decision, and that is by comparative weighing of the antagonistic interests. Necessarily, the circumstances of a particular case will affect the balance. The statute contemplates a case-specific approach by providing for de novo judicial review of agency actions, and by requiring that the agency sustain its action by proof. Moreover, the question of whether an invasion of privacy is "clearly unwarranted" is intrinsically situational, and can only be determined within a specific context.

> *Lexington H–L Services, Inc.*, at 584.

In the case *sub judice*, we agree with the trial court that the record sought contains information of a personal nature. *See id.* In weighing the antagonistic interests of the public's right to know versus the privacy interest, we must bear in mind that, "The public's 'right to know' under the Open Records Act is premised upon the public's right to expect its agencies properly to execute their statutory functions." *Kentucky Bd. of Examiners of Psychologists and Div. of Occupations and Professions, Dept. for Admin. v. Courier–Journal and Louisville Times Co.*, 826 S.W.2d 324, 328 (Ky.1992).

In the case *sub judice*, the information sought by Valentine serves no valid public interest. When balanced against the invasion of privacy sought by Valentine's request to obtain the personnel records of his prosecuting attorney, the balance must tip in favor of privacy. Moreover, we are unaware, nor has Valentine enlightened us, how such a request would advance the public's interest in assuring that the agency in question was properly performing its function. As such, we agree with the court that releasing any of the information requested would amount to a clearly unwarranted invasion of personal privacy under the exclusion in KRS 61.878(1)(a). Accordingly, the trial court did not err in its determination.

In light of the aforementioned, we affirm.

ALL CONCUR.