**Mindy HINES, Appellant,**

v.

**COMMONWEALTH of Kentucky, DEPARTMENT OF TREASURY, Appellee.**

**No. 2000–CA–000675–MR.**

Court of Appeals of Kentucky.

March 30, 2001.

Robert L. Abell, Lexington, KY, for appellant.

A.B. Chandler III, Attorney General, David S. Kaplan, Assistant Attorney General, Frankfort, KY, for appellee.

Before GUDGEL, Chief Judge; BARBER and KNOPF, Judges.

## OPINION

GUDGEL, Chief Judge:

This is an appeal from an order entered by the Franklin Circuit Court as to an issue involving the application of KRS 61.878(1)(a) of the Kentucky Open Records Act. For the reasons stated hereafter, we affirm.

Appellant works as a commercial finder of persons who rightfully own certain unclaimed property which is included on lists published each year by appellee, the Department of Treasury. Originally, those lists included notations as to the value of the individual units of unclaimed property. In 1998, appellee ceased publishing a listing of the specific values of those individual units of property, other than the fact that each had a value of at least $500, in the interest of protecting the individual property owners' privacy.

The Office of the Attorney General, in response to appellant's request, opined that the issues she raised in her request had previously been addressed by the circuit court in another proceeding. Appellant thereupon filed this action in the circuit court, seeking an adjudication that the value of each named owner's unclaimed property is part of the public record and therefore is not exempt from disclosure under the Open Records Act. The court conducted a hearing and ultimately denied appellant's request on the ground that public disclosure of the value of each named owner's unclaimed property would amount to an unwarranted invasion of each owner's personal privacy. This appeal followed.

KRS 61.871 describes the broad policy behind the Open Records Act as follows:

The General Assembly finds and declares that the basic policy of KRS 61.870 to 61.884 is that free and open examination of public records is in the public interest and the exceptions provided for by KRS 61.878 or otherwise provided by law shall be strictly construed, even though such examination may cause inconvenience or embarrassment to public officials or others.

Nevertheless, certain public records are excluded from the application of the Open Records Act, including those which contain "information of a personal nature where the public disclosure thereof would constitute a clearly unwarranted invasion of personal privacy." KRS 61.878(1)(a). The

Kentucky Supreme Court has described the KRS 61.878(1)(a) exclusion as follows:

First, it reflects a public interest in privacy, acknowledging that personal privacy is of legitimate concern and worthy of protection from invasion by unwarranted public scrutiny.... Second, the statute exhibits a general bias favoring disclosure. An agency which would withhold records bears the burden of proving their exempt status. KRS 61.882(3). The Act's "basic policy" is to afford free and open examination of public records, and all exceptions must be strictly construed. KRS 61.882(4), *supra*. Third, given the privacy interest on the one hand and, on the other, the general rule of inspection and its underlying policy of openness for the public good, there is but one available mode of decision, and that is by comparative weighing of the antagonistic interests. Necessarily, the circumstances of a particular case will affect the balance. The statute contemplates a case-specific approach by providing for de novo judicial review of agency actions, and by requiring that the agency sustain its action by proof. Moreover, the question of whether an invasion of privacy is "clearly unwarranted" is intrinsically situational, and can only be determined within a specific context.

The public's "right to know" under the Open Records Act is premised upon the public's right to expect its agencies properly to execute their statutory functions.

*Kentucky Board of Examiners of Psychologists v. Courier Journal and Louisville Times Co.*, Ky., 826 S.W.2d 324, 327–28 (1992).

A panel of this court analyzed and followed the supreme court's reasoning in *Zink v. Commonwealth, Department of Workers' Claims, Labor Cabinet*, Ky.App., 902 S.W.2d 825 (1994), which arose out of an attorney's attempt to obtain full access to workers' compensation injury reports within the control of the Department of Workers' Claims. The attorney wished to use such information for purposes of targeting potential clients. The department relied upon KRS 61.878(1)(a) in denying the request, asserting in part that because the forms included detailed personal information such as each injured employee's "home address, telephone number, date of birth, social security number, marital status, wage rate, and number of dependents," full access "would constitute a clearly unwarranted invasion of personal privacy." 902 S.W.2d at 827. However, the department did provide the attorney with certain other information including each worker's name, type of injury, and number of days absent from work.

On appeal, a panel of this court affirmed the circuit court's summary judgment in favor of the department. Concluding that the forms contained personal information, this court proceeded to weigh "the public interest in disclosure against the privacy interests involved," noting at the outset that its analysis turned only on "the extent to which disclosure would serve the principle (sic) purpose of the Open Records Act," and not "on the purposes for which the request for information is made or the identity of the person making the request." *Id.* at 828. More specifically, the public's right to disclosure is premised only upon its right to be informed as to whether governmental agencies properly execute their statutory functions. That right is not fostered

by disclosure of information about private citizens that is accumulated in various government files that reveals little or nothing about an agency's own conduct.... While there may be some merit to appellant's assertion that the broad

public interest would be served by the dissemination of information to injured workers regarding their legal rights under the workers' compensation statutes, this cannot be said to further the principal purpose of the Open Records Act. *Id.* at 829. The court observed that even though much of the requested personal information may be publicly available through other sources, an employee nevertheless may fervently wish that such information remain confidential or that it be only selectively released. After considering the fact that if the information was released to the attorney, "other parties such as commercial advertisers and solicitors, as well as the merely curious, would have the same access under the Open Records Act as the attorney," *id.* at 829, the court concluded that the injured workers' privacy interests in the requested information substantially outweighed the negligible public interest in disclosure under the Open Records Act. Hence, the court concluded that disclosure of the requested information "would constitute a 'clearly unwarranted invasion of personal privacy' under KRS 61.878(1)(a)." *Id.* at 829–30.

■ Similarly, release of the information requested in the case *sub judice* would constitute "a clearly unwarranted invasion of personal privacy." KRS 61.878(1)(a). Although the public has a right to be informed regarding appellee's execution of its statutory functions, that right is satisfied by appellee's publication of the names of owners of unclaimed property, as well as information regarding the total values of the property which it holds and disburses each year. The release of information regarding the value of each individual unit of unclaimed property, by contrast, could pertain to those owners' possible incomes, a matter as to which "few things in our society are deemed of a more intimate nature." *Zink,* 902 S.W.2d at 829.

We are not persuaded by appellant's argument that a different result is compelled by *Lexington Fayette Urban County Government v. Lexington–Herald Leader Co.,* Ky., 941 S.W.2d 469 (1997). There, the supreme court concluded that the government's claimed right to privacy was not sufficient to overcome the public's right to freely and openly investigate the payment of public funds as compensation for government-inflicted injuries. Here, by contrast, there is no concern as to the expenditure of public money. Moreover, we are not persuaded by appellant's argument that individual property owners have somehow forfeited their respective property interests in the unclaimed property by "abandoning" it, as there is no showing that the individual owners have ever been made aware of their rights in the property. Further, there is also no merit to appellant's assertion that *Aronson v. U.S. Department of Housing and Urban Development,* 822 F.2d 182 (1st Cir.1987), compels us to reach a different conclusion. There, a finder sought to locate persons who were entitled to receive HUD reimbursements of mortgage insurance payments. Noting that persons have greater privacy interests in personal financial information than in identifying information such as names and addresses, the court concluded that HUD justifiably declined to release the requested information during a one-year period while it searched on its own for the individuals who were eligible for refunds. However, unlike the instant action, the court did not address the issue of whether the public interest would be adequately served by releasing identifying information such as names and addresses, but not related financial information.

Here, the department has readily released information regarding individual owners' names and addresses, as well as information regarding total property val-

ues. We are of the opinion that the release of additional information concerning the value of each private citizen's items of property would reveal "little or nothing" about appellee's own conduct in executing its statutory functions under the Open Records Act. *Zink,* 902 S.W.2d at 829. While it is true that a broad public interest might be served by appellant's attempts to disseminate such information to the owners of the property held by appellee, "this cannot be said to further the principal purpose of the Open Records Act." *Id.* at 829. We conclude, therefore, that the trial court did not err by finding that the individual property owners' privacy interests outweighed the negligible public interest in releasing individualized valuation information regarding unclaimed property, and that disclosure of such information as requested by appellant therefore would constitute a "clearly unwarranted invasion of personal privacy" under KRS 61.878(1)(a).

The court's order is affirmed.

ALL CONCUR.