CAPE PUBLICATIONS d/b/a The Courier–Journal, Appellant

v.

CITY OF LOUISVILLE, Appellee.

No. 2004–CA–002270–MR.

Court of Appeals of Kentucky.

March 31, 2006.

Jon L. Fleischaker, Ashley C. Pack, Louisville, KY, for appellant.

Irv Maze, Jefferson County Attorney, Stephanie Hickerson–Harris, Assistant County Attorney, Louisville, KY, for appellee.

Before KNOPF and TACKETT, Judges; ROSENBLUM, Senior Judge.[1]

---

1. Senior Judge Paul W. Rosenblum sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

## OPINION

TACKETT, Judge.

Cape Publications, d/b/a the Courier–Journal, appeals from the order of the Jefferson Circuit Court denying access to performance evaluations of employees of the Louisville and Jefferson County Parks Department who had been accused of criminal wrongdoing in the course of their duties. The Courier–Journal sought access to the records under the Open Records Act, Kentucky Revised Statute (KRS) 61.870 *et seq.* The circuit court held that even though the records are public records within the meaning of the statute, they are exempt from disclosure under the privacy exemptions found in KRS 61.878(*l*)(a). The Courier–Journal argues on appeal that the public's interest in the doings of a public agency outweighs the privacy interest of particular employees in non-disclosure of their performance evaluations, particularly when the employee has committed a criminal act. We reverse the circuit court and order that the Courier–Journal receive redacted versions of the evaluations, with all personal information removed.

The case involves the performance evaluations of Rob Roberts, former Metro Parks employee, and Brigid Sullivan, former Metro Parks director, which the Courier–Journal sought in its investigation of the theft of a large number of shoes donated by area businesses for needy children. Roberts had diverted the shoes and sold them, for which he was fired and ultimately prosecuted. Sullivan was Roberts' supervisor at the time of the theft, and she was placed on paid suspension during the investigation and ultimately forced to resign. The City of Louisville provided all records requested by the newspaper except for the performance evaluations of the employees, claiming that the evaluations contained personal information which should be exempt from disclosure under the Open Records Act, following existing Opinions of the Attorney General on the subject. The newspaper sought an opinion from the Attorney General on this particular open records request, and the Attorney General agreed with the City that the records were exempt from disclosure. The Courier–Journal filed this declaratory judgment action in the circuit court, and the circuit court agreed with the City, following the reasoning of the Attorney General. This appeal followed.

■ The sole issue for this appeal is whether the performance evaluations are exempt from disclosure under the Open Records Act. At the outset we must note that while the Act is weighted towards disclosure, it also recognizes that "personal privacy is of legitimate concern and worthy of protection from invasion by unwarranted public scrutiny." *Kentucky Board of Examiners of Psychologists v. Courier–Journal & Louisville Times Co.*, 826 S.W.2d 324, 327 (Ky.1992). In these cases, judicial review of an agency's invocation of the exemption is reviewed de novo, and requires that the agency prove disclosure would be a clearly unwarranted invasion of privacy. Another way of looking at the question was framed by the Kentucky Supreme Court in *Lexington–Fayette Urban County Government v. Lexington Herald–Leader Co.*, 941 S.W.2d 469, 472 (Ky.1997): "Of primary concern is the nature of the information . . .; whether it is the type of information about which the public would have little or no legitimate interest but which would likely cause serious personal embarrassment or humiliation."

■ Once information is determined to be of a personal nature, the resolution of the question of whether any invasion of privacy is unwarranted requires a comparative balancing of interests. *Zink v. Com-*

*monwealth of Kentucky, Department of Workers' Claims, Labor Cabinet,* 902 S.W.2d 825 (Ky.App.1994). In the *Zink* case, this Court determined the transgression on the privacy interest of those named in the records, while not great, to outweigh the public interest in disclosure, which was minimal. Here, while no cases directly involve disclosure of public employees' performance evaluations, we do have the benefit of a long line of opinions of the Attorney General which support the position that the information in performance evaluations is private, both for the employee and for the evaluator. OAG 79–128, OAG 79–348, OAG 80–58, and OAG 82–204. The confidentiality of performance evaluations allows evaluators to speak more frankly about an employee than they might if the evaluations were known to be open to public disclosure. In addition, performance evaluations certainly can contain a great deal of personal information, and should not be subject to disclosure without the most pressing of public needs. The only exception the opinions of the Attorney General have recognized is the evaluation of the head of an agency itself, the person to whom all other persons in that agency ultimately answer. The circuit court, applying that reasoning, held that since Sullivan, though head of the Parks Department at the time, answered to the Mayor and County Judge–Executive, her performance evaluation was exempt from disclosure.

▮ The line of reasoning established by the Attorney General accepts the existence of a privacy interest in performance evaluations. The performance of an agency head is of significant public interest, and the disclosure of a performance evaluation of someone in such a position of authority serves that public interest. See 92–ORD–1145 (holding a school superintendent's evaluation not exempt). On the other hand, the performance of an ordinary employee or even one of comparatively high rank is not of such significant public interest that it should be subject to disclosure. Applying that reasoning here, and after reviewing the blank copies of the performance review forms, the circuit court held that the forms, filled out, would contain "information of a much more personal nature and much less public interest" than the information that had already been disclosed to the newspaper. The newspaper had requested access to all resumes, applications for employment, job evaluations, complaints and all records concerning resolution of the complaints, disciplinary actions and salary histories for Sullivan and Roberts. The City had granted access to all but the job evaluations. The circuit court recognized that the records that the newspaper had already received were much more likely to serve the interest of the public in the investigation of the incident of the stolen shoes than the routine performance evaluations would, and therefore the public interest had already been adequately served. With respect to Sullivan and her capacity as Parks Department director, the court reasoned that Sullivan's position, though high ranking, was not enough by itself to require disclosure. Any of her decisions, the court noted, could be overridden at the stroke of a pen by the mayor or county judge-executive, at whose pleasure she served. Therefore, the court reasoned, the public's interest in the operation of the Parks Department ultimately falls to them and not the person in Sullivan's position.

▮ The Courier–Journal, in its brief and at oral argument, suggested a method by which the public interest in the performance of public officials may be served while preserving the privacy interest of individuals. By providing redacted copies of the documents, the Parks Department

could keep truly personal information private (appearance, grooming habits, and the like), the disclosure of which would serve no public interest but potentially embarrass the person who is the subject of the evaluation, while disclosing information about the employee's job performance that would shed light on the operation of the public agency. Given the case-by-case analysis required by the outstanding law on the Open Records Act, we believe that in this case redaction is the best solution. A bright-line rule completely permitting or completely excluding from disclosure public employees' performance evaluations is at odds with existing law, and so we conclude that in this case, limited disclosure with redactions is warranted. With respect to Roberts' personnel evaluations, the Courier–Journal argues, and we agree, that by committing a criminal act made possible by his position at a public agency, Roberts has to some extent forfeited his privacy interest, and the public interest in the details of the operation of a public agency could be advanced by the disclosure of non-personal information contained in the evaluation. With respect to Sullivan's evaluation, we are not persuaded by the analogy advanced by the City that the Parks Director is like a school principal—the head of a subdivision of a government agency that answers to another person who is the true head of the agency, the superintendent in the City's analogy—just because she ultimately served at the pleasure of the mayor and the fiscal court. If that were so, the performance evaluations of any city agency headed by a non-elected official would be exempt from disclosure, absent some waiver of the person's privacy interest. As we have stated, bright-line rules permitting or exempting disclosure are at odds with controlling precedent, and considering the facts of this case, the public interest in knowing what a city evaluator thought of the job performance of a supervisor of a person who used his position to commit a crime outweighs the privacy interest of the person in keeping that information private, except to the extent where the information contained in the evaluation is truly personal and does not advance the public interest if disclosed. We therefore reverse the judgment of the circuit court and remand the matter for an order to provide redacted copies of the performance evaluations of Sullivan and Roberts.

For the foregoing reasons, the judgment of the Jefferson Circuit Court is reversed.

ALL CONCUR.