RENDERED: APRIL 25, 2025; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0399-MR

BOONE COUNTY CLERK JUSTIN
CRIGLER                                                                    APPELLANT


                    APPEAL FROM BOONE CIRCUIT COURT
v.          HONORABLE RICHARD A. BRUEGGEMANN, JUDGE
                        ACTION NO. 23-CI-00978


CHRISTINE MCLAUGHLIN                                          APPELLEE



OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: ACREE, CALDWELL, AND LAMBERT, JUDGES.

CALDWELL, JUDGE: Boone County Clerk Justin Crigler appeals from the grant

of a petition for open records inspection of cast ballots. We reverse and remand

for entry of an order denying the petition for inspection of cast ballots.

## FACTS

On June 16, 2023, Christine McLaughlin ("Requestor") filed an open records request with Boone County Clerk Justin Crigler ("County Clerk") seeking to inspect all May 2023 primary election ballots cast in ten Boone County precincts. (Primary election day that year was May 16.)

On June 22, 2023, County Clerk denied the request, stating six reasons for the denial. In July 2023, Requestor filed a petition for open records inspection of the cast ballots in Boone Circuit Court ("trial court"). County Clerk filed an answer and both parties filed motions for summary judgment. Meanwhile, the trial court granted the Kentucky County Clerks' Association's motion to file an *amicus* brief.

Ultimately, the trial court denied County Clerk's motion for summary judgment and granted a partial summary judgment in favor of Requestor. The trial court held that cast ballots were public records subject to inspection under the Open Records Act.

Despite resolving this and other issues in Requestor's favor,[1] the trial court did not resolve Requestor's claim for costs and fees in its order granting her

---

[1] The trial court also briefly discussed all six grounds stated in County Clerk's denial of the open records request. Our analysis and resolution of this case hinges on two grounds stated for denying the request – *i.e.*, concerns about personal privacy and disclosure being prohibited or restricted by law. We decline to separately discuss the other four grounds as unnecessary to our resolution of this appeal. Even assuming the trial court was correct in concluding that none of

partial summary judgment. The trial court noted Requestor alleged that County Clerk willfully violated the Open Records Act and did not act in good faith. However, the trial court believed the record did not clearly show whether the parties had additional evidence to present about willfulness or good faith or whether the facts were conclusively established. So, the trial court stated the parties would be provided an opportunity to offer evidence about willfulness or good faith.

County Clerk filed a motion to designate the order granting Requestor partial summary judgment final and appealable. The trial court entered an order designating the partial summary judgment as final and appealable and stating there was no just cause for delay. County Clerk filed a timely appeal.

Two motions for leave to file *amicus* briefs in this appeal were timely filed. The State Board of Elections filed one of these motions. The other motion was jointly filed by the Kentucky County Clerks' Association, Kentucky Sheriffs' Association, Kentucky County Attorneys Association, and the Kentucky Association of Counties. Both motions were accompanied by tendered *amicus* briefs, both of which advance arguments in favor of County Clerk's position.

---

these other four grounds were independently sufficient reasons for denying the request, we would reach the same result.

The motions for leave to file *amicus* briefs were passed to the merits. We grant both motions by separate order, entered the same day as this Opinion.

Further facts will be provided as necessary in our analysis.

## ANALYSIS

Our resolution of this appeal from the trial court's grant of summary judgment primarily hinges on matters of statutory interpretation. For example, we must consider Kentucky's election laws along with Kentucky's Open Records Act and our Kentucky Constitution.

## Standards of Review

We review a trial court's grant of summary judgment *de novo* – meaning without any deference. *Ashland Hospital Corporation v. Darwin Select Insurance Co.*, 664 S.W.3d 509, 516 (Ky. 2022). Furthermore, questions of statutory interpretation are reviewed *de novo* on appeal. *Dolt, Thompson, Shepherd & Conway, P.S.C. v. Commonwealth ex rel. Landrum*, 607 S.W.3d 683, 687 (Ky. 2020). *See also Kentucky New Era, Inc. v. City of Hopkinsville*, 415 S.W.3d 76, 82 (Ky. 2013) (reviewing *de novo* trial court's grant of summary judgment in case with agreed facts but disputes about the interpretation and application of the Open Records Act).

**Key Open Records Act Provisions**

The Kentucky Open Records Act is set forth at KRS[2] 61.870 to 61.884. KRS 61.871 states:

> The General Assembly finds and declares that the basic policy of KRS 61.870 to 61.884 is that free and open examination of public records is in the public interest and the exceptions provided for by KRS 61.878 or otherwise provided by law shall be strictly construed, even though such examination may cause inconvenience or embarrassment to public officials or others.

All Kentucky residents have the right to inspect public records pursuant to KRS 61.872(2)(a), subject to certain limits set forth by statute. However, certain types of public records are excepted from application of the Open Records Act and are only subject to inspection upon court order. *See* KRS 61.878(1).

If an agency denies a request for open records inspection, the agency "shall include a statement of the specific exception authorizing the withholding of the record and a brief explanation of how the exception applies to the record withheld." KRS 61.880(1).

The denial of a request for inspection under the Open Records Act may be challenged in circuit court. KRS 61.882(1) ("The Circuit Court of the

---

[2] Kentucky Revised Statutes.

county where the public agency has its principal place of business or the Circuit Court of the county where the public record is maintained shall have jurisdiction to enforce the provisions of KRS 61.870 to 61.884, by injunction or other appropriate order on application of any person."). Moreover, the public agency denying open records inspection bears the burden of proof in such court actions. KRS 61.882(3).[3] *See also Commonwealth v. Chestnut*, 250 S.W.3d 655, 660 (Ky. 2008) (public agency "bears the burden to rebut the strong presumption in favor of disclosure").

With these key Open Records Act provisions in mind, we address County Clerk's arguments that the trial court erred in determining that cast ballots are public records and that cast ballots are not excepted from inspection under the Open Records Act.

**Cast Paper Ballots Fit the Definition of Public Record in KRS 61.870(2)**

County Clerk contends that there is no Kentucky statute or precedent which has held that cast ballots are public records. He does acknowledge a more than forty-year-old Attorney General opinion which held that cast ballots are

---

[3] The public agency also bears the burden of proof when the Attorney General reviews the denial of an open records request. KRS 61.880(2)(c). A requestor may ask the Attorney General to review the denial of an open records request. KRS 61.880(2)(a). Also, either party may file an appeal of an open records decision by the Attorney General in circuit court. KRS 61.880(5)(a). However, a requestor does not have to ask for the Attorney General's review before filing suit to challenge the denial of an open records request in circuit court. KRS 61.882(2). In the present case, Requestor did not ask the Attorney General to review the denial of her open records request before filing her original action before the trial court.

public records.  However, he points out that the ballots at issue there were not in the possession of a county clerk but instead were held by a circuit clerk following a federal investigation about an election and the filing of a then-pending election contest lawsuit.  *See* 1983 Ky. Op. Atty. Gen. 2-567, 1983 WL 166238 (1983).  He argues differing circumstances render the holding of this long-standing Attorney General opinion inapplicable to this case.

Attorney General opinions are not binding on this Court, although they are often considered highly persuasive.  *See, e.g.*, *Department of Kentucky State Police v. Trageser*, 600 S.W.3d 749, 753 (Ky. App. 2020).  In any event, our focus is on the definition of a *public record* in the Kentucky Open Records Act.

KRS 61.870(2) defines *public record* as meaning:  "all books, papers, maps, photographs, cards, tapes, discs, diskettes, recordings, software, or other documentation regardless of physical form or characteristics, which are prepared, owned, used, in the possession of or retained by a public agency."

In Kentucky, cast ballots are papers which county clerk's offices are required to retain for 22 months following an election.  *See* KRS 117.275(16); KRS 118.025(1).  Moreover, no one has disputed that the county clerk's office is a public agency.  *See also* KRS 61.870(1)(a) (defining a public agency as including a state or local government officer).

In sum, a cast ballot meets the broad definition of *public record* in KRS 61.870(2). Next, we must consider whether ballots are excepted from inspection under the Open Records Act.

**Despite Being Public Records, Cast Ballots Are Excepted from Inspection Under the Open Records Act**

County Clerk argues that even if cast ballots are public records, given the right to cast a secret ballot recognized in Kentucky law and the application of Kentucky's election statutes, cast ballots are nonetheless excepted from inspection under the Open Records Act. He bases this argument on the exceptions to Open Records Act application set forth in KRS 61.878(1)(a) & (l).[4]

KRS 61.878(1) states certain public records are excluded from application of the Open Records Act (KRS 61.870 to KRS 61.884) and are subject to inspection only upon court order, including:

> (a) Public records containing information of a personal nature where the public disclosure thereof would constitute a clearly unwarranted invasion of personal privacy;

---

[4] Based on our review of the record, County Clerk generally argued to the trial court that cast ballots were excepted from open records inspection due to personal privacy concerns and disclosure being prohibited by law. County Clerk cited KRS 61.878(1)(a) & (k) in its denial of the open records request and in its motion for summary judgment. County Clerk also quoted the language of KRS 61.878(1)(l) in its motion for summary judgment, albeit with a citation simply to KRS 61.878(l). The *amicus* brief filed in the trial court also cited KRS 61.878(1) (a), (k), & (l). In sum, KRS 61.878(1)(a), (k), & (l) were all cited to the trial court with substantial discussion so issues about the applicability of these exceptions were properly preserved for our review. *See MV Transp., Inc. v. Allgeier*, 433 S.W.3d 324, 331 (Ky. 2014) ("[T]he critical point in preservation of an issue remains: was the question fairly brought to the attention of the trial court.").

. . .

> (k) All public records or information the disclosure of
> which is prohibited by federal law or regulation or state
> law;

> (l) Public records or information the disclosure of which
> is prohibited or restricted or otherwise made confidential
> by enactment of the General Assembly . . . .

The trial court rejected County Clerk's arguments that cast ballots fit any exception to Open Records Act applicability in KRS 61.878(1). The trial court reasoned that election law provisions cited by County Clerk did not bar the inspection of cast ballots sought by Requestor under the facts of this case. The trial court noted that the request for inspection was made after the 30-day lockdown period in KRS 117.295(1).[5] The trial court also noted KRS 117.275(16) calls for the clerk to retain "all records and papers relating to specified elections" for 22 months after the election and it construed "records and papers" as including cast ballots – except for absentee ballots subject to other disclosure and retention requirements in KRS 117.085 and KRS 117.086. Lastly, the trial court noted that Requestor did not ask to remove the ballots from County Clerk's custody but only sought inspection, so the trial court did not perceive that allowing inspection would

---

[5] KRS 117.295(1) states in pertinent part: "For a period of thirty (30) days following any election, the voting equipment shall remain locked against voting, the ballot boxes containing all paper ballots shall remain locked, and the voting equipment and ballot boxes shall be under video surveillance."

violate KRS 117.275(16) (which requires that ballots remain in county clerk's custody for 22 months after an election).

Moreover, the trial court accepted Requestor's argument that the secret ballot mandate in the Kentucky Constitution pertained only to the conduct of the election and was satisfied if voters are allowed to mark their ballots in private with nothing on the ballot to disclose voters' identities. The trial court also noted it was undisputed that the ballots themselves – including barcodes printed on them – did not contain any information personally identifying any individual.

The trial court also rejected County Clerk's argument that despite the lack of personal identifying information on the ballots themselves, inspection of cast ballots would create a risk that individuals' votes could be ascertained through the process of "reverse engineering." The trial court stated that ballots were not necessary for reverse engineering since one could simply compare publicly released election results with poll books/signature rosters available for inspection under the Open Records Act. *See, e.g.*, Ky. Atty. Gen. No. 23-ORD-210 (2023); Ky. Atty. Gen. No. 23-ORD-211 (2023).

Though we appreciate the trial court's efforts and attention to detail, we disagree with its conclusion that cast ballots were not excepted from inspection under the Open Records Act.

We recognize that cast ballots generally do not by themselves identify individual voters and that the information for ascertaining individual votes by reverse engineering may be available to the public through other sources. Nonetheless, the fact that information is publicly available elsewhere does not always mean that disclosure of the information is available under the Open Records Act and individual interests in keeping certain types of information private may outweigh the public interest in being able to examine public records. *See, e.g.*, *Zink v. Commonwealth, Dep't of Workers' Claims, Labor Cabinet*, 902 S.W.2d 825, 828 (Ky. App. 1994); *Cape Publications v. City of Louisville*, 147 S.W.3d 731, 735-36 (Ky. App. 2003). Moreover, Kentucky law strongly recognizes an interest in keeping individuals' votes private. *See, e.g.*, KY. CONST.[6] § 147 ("all elections by the people shall be by secret official ballot, furnished by public authority to the voters at the polls, and marked by each voter in private at the polls"); KRS 118.025(1) ("Except as otherwise provided by law, voting in all primaries and elections shall be by secret paper ballot."); *Banks v. Sergent*, 104 Ky. 843, 48 S.W. 149, 151 (1898) ("The secrecy of the ballot is the fundamental idea of all elections, and this is required by the constitution as well as by statute.").[7]

---

[6] Constitution of Kentucky.

[7] *Banks v. Sergent*, 104 Ky. 843, was by overruled on other grounds by *Widick v. Ralston*, 303 Ky. 373, 378, 197 S.W.2d 261, 265 (1946).

That being said, we recognize that perhaps nothing in Kentucky's election statutes specifically prohibits the inspection sought under the circumstances here – especially since the request for inspection occurred after the 30-day lockdown period and following the certification of the election and since Requestor did not seek to remove ballots from County Clerk's custody. Nonetheless, disclosure of ballots and the information therein is still clearly **restricted** by Kentucky legislative enactments and thus ballots are excepted from application of the Open Records Act. KRS 61.878(1)(l). Kentucky election statutes set forth detailed requirements about securing, sealing, and storing election equipment and ballots, and about destroying ballots after a specified period barring special circumstances. *See, e.g.*, KRS 117.085; KRS 117.086; KRS 117.135; KRS 117.275; KRS 117.295; KRS 118.385. Also, information contained in ballots – especially individuals' votes – is made confidential (synonymous with secret)[8] under Kentucky legislative enactments including KRS 118.025(1). Thus, despite the trial court's implicit rejection of or failure to discuss this specific exception, cast ballots are excepted from open records inspection pursuant to KRS

---

[8] For example, one definition of *confidential* in BLACK'S LAW DICTIONARY (12th ed. 2024) is: "meant to be kept secret." Likewise, one definition of confidential from a general dictionary is: "intended for or restricted to the use of a particular person, group, or class: **private**, **secret**." *See* https://www.merriam-webster.com/dictionary/confidential (last visited Feb. 11, 2025) (emphasis in original).

61.878(1)(l)[9] as: "Public records or information the disclosure of which is prohibited or restricted or otherwise made confidential by enactment of the General Assembly[.]"[10]

Moreover, regardless of whether many or only a few individual voters might be affected,[11] the vote cast by an individual is information of a personal nature and any increase in the risk – however, small – of ascertaining individual votes through open records inspection is unacceptable as public revelation of any individual vote would clearly be an unwarranted invasion of personal privacy. *See*

---

[9] County Clerk argues the trial court overlooked KRS 61.878(1)(l). Perhaps the trial court declined to discuss this statutory subsection as it was not specifically cited in the denial of the open records request or correctly cited in full in County Clerk's motion for summary judgment (although KRS 61.878(1)(l) was cited in the *amicus* brief filed with the trial court). The trial court did mention and reject the applicability of the somewhat similar exception cited in KRS 61.878(1)(k) – which was cited in the denial of the open records request and in County Clerk's motion for summary judgment.

[10] Though not expressly argued in County Clerk's brief, given the recognition of the right to cast a secret ballot in Kentucky authority (including KY. CONST. § 147 and precedent such as *Banks v. Sergent*, 104 Ky. 843) other than legislative enactments, cast ballots also fit the exception provided in KRS 61.878(1)(k) for public records and information the disclosure of which is more generally prohibited by "state law."

[11] County Clerk has asserted that allowing inspection of cast ballots increases the risk of reverse engineering, particularly in low turnout situations where only a few individuals affiliated with a party cast primary election ballots at a precinct and all these individuals vote for the same candidate. Requestor has asserted that only a small percentage (about five percent) of the voters who cast ballots in the precincts at issue would be at risk of having their individual votes ascertained by reverse engineering. However, an individual voter's right to cast a secret ballot is not lessened merely because only a small number of individuals would be affected.

-13-

KRS 61.878(1)(a). Therefore, the trial court erred in concluding that cast ballots were not excepted from application of the Open Records Act.[12]

Though we hold that cast ballots are excepted from open records inspection, we appreciate that Requestor and other citizens have legitimate interests in seeking inspection of public records both to see what county clerks and other public officials do and to review how elections are conducted. *See Kentucky Bd. of Examiners of Psychologists and Div. of Occupations and Professions, Dep't for Admin. v. Courier-Journal and Louisville Times Co.*, 826 S.W.2d 324, 328 (Ky. 1992) ("[T]he public's 'right to know' under the Open Records Act is premised upon the public's right to expect its agencies properly to execute their statutory functions. In general, inspection of records may reveal whether the public servants are indeed serving the public . . . .").

---

[12] County Clerk has also argued that even if cast ballots are public records not excepted from the application of the Open Records Act, that permitting inspection would pose an unreasonable burden. *See* KRS 61.872(6). However, as we conclude that cast ballots are excepted from inspection under the Open Records Act, we need not address whether the trial court erred in rejecting County Clerk's assertion that the requested inspection would place an unreasonable burden on the County Clerk's office.

In turn, Requestor has also argued that County Clerk failed to provide information required by KRS 61.880(1) regarding four of the six grounds stated in the denial of the open records request. However, County Clerk identified at least one specific exception (with a brief explanation of how it applied to the withheld cast ballots) in its denial which sufficiently supported the denial of the open records request. Thus, any failure to comply with KRS 61.880(1) requirements regarding other stated grounds for denial (or any abandonment of such other grounds on appeal) does not change our resolution of this case and we need not address such other stated grounds further.

Nonetheless, while the public may not inspect cast ballots under the Open Records Act, the public may inspect other election records under the Open Records Act (such as video surveillance of election machines, voter sign-in rosters, and election poll books)[13] and review election results publicly released by the State Board of Elections.[14] Moreover, individuals who seek further involvement to help ensure that elections are conducted fairly can apply to serve as precinct election officers. *See* https://elect.ky.gov/Voters/Pages/Become-a-Precinct-Election-Officer.aspx (last accessed Feb. 11, 2025). Also, citizens may report suspected election law violations and voting irregularities to law enforcement. One does not have to blindly trust that government officials are conducting elections fairly; instead, there are options for non-candidate, non-government employee citizens to obtain important information and become involved in ensuring fair elections.[15]

Despite these other avenues for citizens to obtain information and help ensure the fair conduct of elections, however, the secrecy of the ballot remains

---

[13] *See, e.g.*, Ky. Atty. Gen. No. 23-ORD-210 (2023); Ky. Atty. Gen. No. 23-ORD-211 (2023).

[14] Election results may be reviewed on the Kentucky State Board of Elections website. https://elect.ky.gov/results/Pages/default.aspx (last accessed Feb. 11, 2025).

[15] Requestor aptly points out that disclosure of ballots is not completely prohibited because certain government officers inspect ballots in the process of counting or recounting them. Moreover, she also makes a good point that many of the options for scrutiny of elections mentioned by County Clerk and *amici* are statutorily restricted to apply only to candidates or government officers and not to every member of the public. Nonetheless, the Open Records Act does not apply to permit public inspection of every public record. *See* KRS 61.878(1).

paramount. KY. CONST. § 147; KRS 118.025(1). Moreover, inspection of cast ballots under the Open Records Act is not available due to prohibitions and restrictions on their disclosure under Kentucky law and because allowing public inspection of cast ballots would result in unwarranted invasions of personal privacy. KRS 61.878(1)(a), (k), & (l).

In sum, the constitutionally enshrined secrecy of the ballot outweighs any public interest in allowing inspection of cast ballots especially since other election records are already available for public inspection. *See Kentucky New Era*, 415 S.W.3d at 88 (public interest in disclosure of names, addresses, social security numbers and drivers' license numbers of victims, suspects and witnesses who might be able to "shed light on police misconduct" was outweighed by individuals' interests in keeping such personal information private).

Further arguments raised by the parties but not discussed herein have been determined to lack merit or relevancy to our resolution of this appeal.

### CONCLUSION

For the foregoing reasons, we REVERSE the trial court's order mandating that Requestor be permitted to inspect cast ballots and we REMAND the case with directions to enter an order denying the petition for open records inspection of cast ballots.

-16-

ALL CONCUR.

BRIEFS FOR APPELLANT:

Jeffrey C. Mando
Casmir M. Thornberry
Covington, Kentucky


*AMICUS* BRIEF FOR
KENTUCKY COUNTY CLERKS'
ASSOCIATION, KENTUCKY
SHERIFFS' ASSOCIATION,
KENTUCKY COUNTY
ATTORNEYS ASSOCIATION,
AND THE KENTUCKY
ASSOCIATION OF COUNTIES:

Christopher Wiest
Covington, Kentucky


*AMICUS* BRIEF FOR STATE
BOARD OF ELECTIONS:

Carmine G. Iaccarino
Lexington, Kentucky

Taylor Brown
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Brian C. Corneilson
Elizabethtown, Kentucky